UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SHERIDAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRENT REINKE; PHILIP VALDEZ; NORMA RODRIGUEZ; MADDOX; JUSTIN ACOSTA; CHRISTOPHER ROSE; SERGEANT KERR; CHARLES FLETCHER; and CORRECTIONS CORPORATION OF AMERICA,<br><br>　　　　　　　Defendants. | Case No. 1:10-cv-00359-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Plaintiff's Motion Requesting Leave to File Motion for an Order Compelling Disclosure and Motion for an Order Compelling Disclosure. (Dkts. 74-75.) Plaintiff argues that Defendants Corizon, Inc., F/K/A Correctional Medical Services, Inc. (hereinafter "Corizon") and Brent Reinke, failed pursuant to Fed. R. Civ. P. 37(a)(4), to disclose the names of certain psychiatrists and psychologists requested by Plaintiff. Plaintiff requested the names by letter. Defendant Corizon argues

**MEMORANDUM DECISION AND ORDER- 1**

that it provided the requested information through its Initial and Supplemental Disclosures. (Dkt. 77.) Defendant Reinke has not responded to Plaintiff's Motions. Having reviewed Plaintiff's letters and the briefing of the parties, the Court enters the following Order.

## STANDARD OF LAW

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," but discovery requests must be reasonable. The term "relevant" includes information that is "reasonably calculated to lead to the discovery of admissible evidence and that "need not be admissible at the trial." Fed. R. Civ. P. 26(b)(1). However, district courts have broad discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure, which is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Formal discovery is propounded from one party to another pursuant to the Federal Rules of Civil Procedure, including Rules 33, 34 and 36. Under Rule 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33 (a)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. (a)(2). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. (b)(2).

If the answering party fails to adequately respond to discovery, the propounding

**MEMORANDUM DECISION AND ORDER- 2**

party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a).  A court should deny a motion to compel if the information requested falls outside the scope of discovery.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir.1992), *cert. denied*, 113 S.Ct. 2336 (1993).  In addition, a court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(d)(1).

## DISCUSSION

**1.     Motion Requesting Leave to File Motion for an Order Compelling Disclosure**

The Court grants Plaintiff's Motion Requesting Leave to File Motion for an Order Compelling Disclosure.  However, the Court reminds Plaintiff that it is not necessary to file a motion requesting leave to file another motion, unless Plaintiff has more than three motions pending with the Court at any one time.  (Dkt. 68).

**2.     Motion for an Order Compelling Disclosure**

Plaintiff claims that he is fully disabled from Post Traumatic Stress Disorder and that from April 2009 to September 2010, despite numerous requests, he was denied any mental health treatment either with a psychologist or a psychiatrist, and that he continues to be denied psychological treatment.  He claims that Defendants Reinke and the prison medical provider, Corizon, were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

On May 10, 2012, Plaintiff sent letters to Defendants Corizon and Reinke requesting the names of persons involved in his medical care.  The letter to Corizon

**MEMORANDUM DECISION AND ORDER- 3**

"specifically" requested the name of Corizon's "Chief Psychiatrist" for the years 2009-2010. The letter to Defendant Reinke "specifically" requested the names of the psychiatrist and psychologist at "R.D.U." and "I.M.S.I." for the year 2000. Plaintiff claims that Defendants have failed to disclose the requested names.

Defendant Corizon argues that despite Plaintiff's failure to serve Corizon with a proper discovery request, Corizon has provided the information requested by Plaintiff through its Initial and Supplemental Disclosures. Defendant Corizon also notes that the Supplemental Disclosure identifies Dr. Scott Eliason as the primary psychiatrist during the year 2010, and Dr. Sheryl Salaris as the primary psychiatrist during the year 2009 and 2010.

Defendant Reinke has not responded to Plaintiff's motion.

The Court agrees with Defendant Corizon that Plaintiff failed to serve the Defendants with proper discovery. Plaintiff's requests should have been propounded as interrogatories under Federal Rule of Civil Procedure 33. Until parties are formally served with discovery there is no obligation to respond to informal requests. The Court further notes that Defendant Corizon apparently already provided the requested information to Plaintiff in its Supplemental Disclosure. For these reasons, the Court shall deny Plaintiff's Motion as moot with regard to Defendant Corizon.

The Court will also deny Plaintiff's Motion as to Defendant Reinke, based on the failure to propound formal discovery. However, if Defendant Reinke has not already disclosed the names of the psychiatrist and psychologist at "R.D.U." and "I.M.S.I." for

**MEMORANDUM DECISION AND ORDER- 4**

the year 2000 in its Rule 26 Initial Disclosure, this information is the type of information that must be provided Plaintiff under the duty to supplement the names of individuals with information relevant to the claims and defenses at issue.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion Requesting Leave to File Motion for an Order Compelling Disclosure (Dkt. 74) is GRANTED.

2. Plaintiff's Motion for an Order Compelling Disclosure (Dkt. 75) is DENIED, as described above.  However, the parties shall continue to supplement their disclosures and discovery requests as they discover any new and relevant information or documents.

DATED:  **January 22, 2013**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 5**